# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50460
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS CASTILLO-ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1372

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Castillo-Alvarado appeals the 51-month, within-guidelines sentence imposed following his conviction of illegal reentry into the United States following removal. He argues that the sentence is substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He asserts that the Guidelines failed to account for his personal history and circumstances, including that he has no prior immigration offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his sole reason for reentering was to provide financial assistance to his son who is attending college in Virginia on a student permit.  He contends that U.S.S.G. § 2L1.2 double counted his prior conviction and overstated the seriousness of his criminal history.  He maintains that the presumption of reasonableness should not apply to his sentence because § 2L1.2 is not supported by empirical data, but acknowledges that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Although Castillo-Alvarado acknowledges that this court applies plain error review when a defendant fails to object to the reasonableness of the sentence, he contends that the proper standard of review is abuse of discretion. Because he did not object to the substantive reasonableness of the sentence in the district court, review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered Castillo-Alvarado's request for a downward variance and ultimately determined that a sentence within the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors.  Castillo-Alvarado's arguments that § 2L1.2 lacks an empirical basis, double counts his criminal history, overstates the seriousness of his criminal history, and does not take into account his personal history and characteristics, are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Castillo-Alvarado has failed to show that his 51-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error.

AFFIRMED.